In re Daniel A. & Wendy Mae
DAWKINS, Debtors.

Daniel A. & Wendy Mae DAWKINS,
Plaintiffs,

v.

Daniel L. BAKST, as Trustee and Blazer
Financial Services Inc., Defendants.

Bankruptcy No. 81–00772–BKC–TCB.
Adv. No. 81–0030–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Aug. 21, 1981.

Margaret Cooper, West Palm Beach, Fla., Atty. At Law for debtors/plaintiffs.

Daniel Bakst, West Palm Beach, Fla., Trustee.

John B. Powell, West Palm Beach, Fla., for defendant Blazer Financial Services, Inc.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtors' complaint seeks the avoidance of defendant's lien under 11 U.S.C. § 522(f)(2)(A). The defendant has answered. (C.P. No. 5). The matter was tried before me on August 18.

The facts are undisputed. Defendant concedes that if its lien had been perfected after the effective date of the Bankruptcy Reform Act of 1978, October 1, 1979, its lien is voidable under the provisions of § 522(f)(2)(A). However, it is also undisputed that defendant's loan was made and its lien was perfected during the gap period between the enactment of the Bankruptcy Reform Act, November 6, 1978, and its effective date almost one year later, and defendant argues that for this reason the statute in question cannot constitutionally be applied to this defendant.

I disagree.

The question presented by defendant has produced a flurry of Bankruptcy Court decisions, almost all of which have concluded that the application of § 522(f) to liens perfected during the gap period between enactment and the effective date of the Reform Act present no serious legal question. The Bankruptcy Court decisions are divided as to whether this section may constitutionally be applied to liens perfected before the enactment of the Reform Act. The only reported decision on this point at the circuit level at this moment is *Rodrock v. Security Industrial Bank*, 10 Cir. 1981, 642 F.2d 1193. The Tenth Circuit held that § 522(f) cannot constitutionally be applied to security interests which came into being before the enactment date of the Reform Act. In reaching that conclusion, the court found that:

"Congress intended for substantive provisions of the Reform Act, such as Section 522(f)(2), to be given retroactive effect to the end that such statutory provisions govern security interests that came into being before the effective date of the Reform Act." (At p. 1197)

The prohibition against the impairment of contracts contained in Article I, Section 10, clause 1, of the Constitution applies only to states and not Congress. The constitutional question, therefore, is whether the Fifth Amendment Due Process Clause invalidates the retroactive application of a statute to contractual rights which have vested before the statute. *Continental Bank v. Rock Island Railway*, 294 U.S. 648, 680, 55 S.Ct. 595, 608, 79 L.Ed. 1110 (1934). That principle is applicable, if at all, only to the retroactive effect of federal statutes before the enactment of those statutes. This is so because every contracting party is presumed to know the law and to have acted with full notice of the law. Although this premise is frequently unrealistic, the alternative premise would be chaotic. As I see it, therefore, there is no question as to the applicability of § 522(f) to the defendant's lien in this case.

I have not overlooked the requirement of 28 U.S.C. § 2403 that notice be given the Attorney General of any action "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." No such notice has been given. Because of the conclusion reached, I will

not delay this matter further to invite the Attorney General's intervention. His intervention is authorized in the event of an appeal. *Wallach v. Lieberman*, 2 Cir. 1966, 366 F.2d 254; *Thatcher v. Tennessee Gas Transmission Co.*, 5 Cir. 1950, 180 F.2d 644, *cert. den.* 340 U.S. 829, 71 S.Ct. 66, 95 L.Ed. 609.

As is required by B.R. 921(a), a separate judgment will be entered voiding defendant's lien.